UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUSTAVE VINCENT CURCIO,            :
Reg. No. 08293-014
USP, P. O. Box 33                  :
Terre Haute, IN 47808-0033
          Plaintiff,               :
     v.                                 CIVIL ACTION NO.  89- 0941
                                   :
FEDERAL BUREAU OF
   INVESTIGATION,                  :
9th & 10th Streets, N.W.                        FILED
Washington, D.C. 20535             :
          Defendant.                            APR 6 1989
                                   :
                                                CLERK, U.S. DISTRICT COURT
           COMPLAINT FOR INJUNCTIVE RELIEF      DISTRICT OF COLUMBIA

   This is a civil action for review of a partial refusal to disclose records under the Freedom of Information Act ("FOIA") and under the Privacy Act and to compel their disclosure. For his complaint, the plaintiff, Gustave Vincent Curcio, states:

   1. The plaintiff is a citizen of the United States, with his legal residence in Bridgeport, Connecticut, who is currently incarcerated at the United States Penitentiary, Terre Haute, Indiana. He is the requestor of the agency records which have been improperly withheld.

   2. The defendant, Federal Bureau of Investigation ("FBI"), is an agency within the United States Department of Justice, and has possession of the records which the plaintiff seeks.

   3. This Court has subject matter jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) (FOIA), 552A(g)(1) (Privacy Act), and under 28 U.S.C. §§ 1331 & 1346 (federal claim; U.S. defendant). Venue is proper in this District under 5 U.S.C. §§ 552(a)(4)(B)



(FOIA), 552a(g)(5) (Privacy Act), and under 28 U.S.C. § 1391(e) (federal defendant).

4. On March 19, 1986, the plaintiff requested copies of the disclosable portions of the defendant FBI's records referencing himself. A copy of this request is attached as Exhibit A. The FBI assigned this request No. 263,643.

5. After various delays, a partial release of such records occurred on March 20, 1987. The FBI withheld various portions of these files, however, invoking exceptions (b)(2), (b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(E) of 5 U.S.C. § 552 (FOIA), as well as section (j)(2) of 5 U.S.C. § 552a (Privacy Act). A total of 401 pages were released (many with significant deletions), and 154 pages were withheld in their entirety. A copy of the letter of transmittal is attached as Exhibit B.

6. On May 5, 1987, the plaintiff submitted an appeal to the Office of Legal Policy, Office of Information and Privacy. A copy of that appeal, which was assigned No. 87-0790, is attached as Exhibit C.

7. In response to this appeal, on August 31, 1987, the defendant authorized a supplemental release. A copy of the letter of transmittal is attached as Exhibit D.

8. The plaintiff has a right of access to the requested but unreleased documents under 5 U.S.C. §§ 552(a)(3) (FOIA) and 552a(d)(1) (Privacy Act). There is insufficient legal basis for the defendant's denial of such access.

WHEREFORE, the plaintiff prays that this Court:

A. Expedite the proceedings in this action as provided in 5 U.S.C. §§ 552(a)(4)(B);

B. Review the undisclosed portions of his FBI file <u>de novo</u> and order them to be released to him;

C. Award him his costs, including a reasonable attorney's fee under 5 U.S.C. §§ 552(a)(4)(E) (FOIA) and 552a-(g)(3)(B) (Privacy Act); and

D. Grant such other and further relief as seems just and proper.

Dated: April 5, 1989

_____
RICHARD MANNING RICKS
McNEIL & RICKS, P.C.
1701 N Street, NW
Washington, DC  20036
  D.C. Bar No. 295741
   (202) 296-7502

Respectfully submitted,
THE PLAINTIFF

By: _____
PETER GOLDBERGER
Suite 400, The Ben Franklin
Chestnut Street at Ninth
Philadelphia, PA  19107

   (215) 923-1300

<u>Co-Counsel for the Plaintiff</u>

FROM:   GUS CURCIO                                         DATE: 3/19/86
        P.O. BOX 1000
        PETERSBURG, Va., 23804-1000


TO:     WHOM IT MAY CONCERN
        (AGENCY DEP'T. HEAD)

SUBJ:   FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST FOR INFORMATION;

        I AM MAKING A PRIVACY ACT REQUEST TO ALL AGENCIES -


        ENCLOSED YOU WILL FIND WITH THIS LETTER A FINGERPRINT CARD, WITH IMPRESSIONS (mine); MY NOTARIZED ENDORSEMENT, AND A POSTAL MONEY FOR $ 11.00 ; (If costs are applicable).

        PLEASE PROCESS MY REQUEST IMMEDIATELY BY A SEARCH OF YOUR AGENCY RECORDS UNDER MY FOLLOWING NAME(S):

   GUS CURCIO    AKA   GUS V. CURCIO          AKA   GUS CURCIO, Jr
                       GUSTAV CURCIO                GUSTAVE V. CURCIO, Jr
                       GUSTAVE CURCIO               GUSTAVE CURCIO, Jr
                                                   GUSTAVE VINCENT CURCIO

THANK YOU FOR YOUR COOPERATION IN THIS MATTER, I REMAIN,

                                        RESPECTFULLY SUBMITTED,

                                        *Gus Curcio*
                                        GUS CURCIO

==============================================================================
ATTESTMENT OF SIGNATURE:

                        SUBSCRIBED AND SWORN TO BEFORE ME THIS 19th DAY

COMMONWEALTH OF VIRGINIA    OF   March   ,1986.
COUNTY OF PRINCE GEORGE

                                        _____
                                             NOTARY PUBLIC

                                        My commission expires 7/4/87.

                                        FILED

                                        APR 6 1989

                                        CLERK, U.S. DISTRICT COURT
                                        DISTRICT OF COLUMBIA

                                        89- 0941


EXHIBIT A

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

Subject of Request: Gustave Vincent Curcio

FOIPA No. 263,643 /190-

Mr. Gustave Vincent Curcio
Post Office Box 1000
Petersburg, Virginia 23804

MAR 20 1987

Dear Mr. Curcio:

Enclosed are copies of documents from FBI records. Excisions have been made to protect information exempt from disclosure pursuant to Title 5, United States Code, Section 552 and/or Section 552a. In addition, where excisions were made, the appropriate exempting subsections have been cited opposite the deletions. Where pages have been withheld in their entirety, a deleted page information sheet has been substituted showing the reason or basis for the deletion. The subsections cited for withholding information from the enclosed documents are marked below.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☒ (b)(7)(A) | ☐ (d)(5) |
| ☒ (b)(2) | ☐ (b)(7)(B) | ☒ (j)(2) |
| ☐ (b)(3) | ☒ (b)(7)(C) | ☐ (k)(1) |
|  | ☒ (b)(7)(D) | ☐ (k)(2) |
|  | ☒ (b)(7)(E) | ☐ (k)(3) |
|  | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☒ (b)(6) |  | ☐ (k)(7) |

FILED APR 6 1989
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

(See Form 4-694a, enclosed, for an explanation of these exemptions.)

Pursuant to your request, 555 page(s) were reviewed and 401 page(s) are being released.

During the review of material pertinent to the subject of your request, documents were located which

☐ originated with another Government agency(ies).
These documents were referred to that agency(ies) for review and direct response to you.

☐ contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

☐ In certain instances, information collected in our field office files is not forwarded to FBI Headquarters. These instances include cases in which the perpetrators of the violations were not identified; cases in which the United States Attorney declined prosecution, and cases in which the allegations were unsubstantiated or not within the jurisdiction of the FBI. If you believe records of interest to you are located in the files of an FBI field office and were not reported to Headquarters, you must write directly to that field office for those materials.

☐ If you know of any other matter in which information concerning you or the subject of your request may have been recorded by the FBI, and can identify the matter in sufficient detail, including the approximate time frame and location, a further search will be made.

89- 0941

EXHIBIT B

FBI/DOJ

☐ It is the policy of this Bureau that in responding to an FOIPA request, or a series of related requests, wherein the documents to be released total less than 250 pages, no duplication fee is levied. Therefore the enclosed documents are being forwarded to you at no charge.

☒ If you desire, you may appeal any denials contained herein. Appeals should be directed in writing to the Assistant Attorney General, Office of Legal Policy (Attention: Office of Information and Privacy), United States Department of Justice, Washington, D. C. 20530, within thirty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☒ See additional information on continuation page.

Sincerely yours,

[signature]

Chief
Freedom of Information-
 Privacy Acts Section
Records Management Division

Enclosures   (4)

Mr. Gustave Vincent Curcio

One of the enclosed files (95-246704) consists of laboratory examinations conducted at the request of a police department. Law enforcement agencies expect confidentiality in such arrangement with the FBI. Therefore, the documents were withheld in their entirety pursuant to subsection (b)(7)(D) of the FOIA.

In addition to the enclosed documents, one main investigative file consisting of six volumes is being withheld in its entirety pursuant to subsection (b)(7)(A) of the FOIA. There is no public source material contained in the file that is available for release.

*Freedom of Information Appeal*

Attention:   Assistant Attorney General
             Office of Legal Policy

Attention:   Office of Information and Privacy

F.O.I.P.A. #263-643                              May 5, 1987


I wish to appeal the omittance of certain information and documents released to me on March 20, 1987.

When I received the information and its enclosed cover letter I originally thought that page two was missing and that there were no instructions on how and where to file an appeal.

Then I wrote Emil Moschella and requested him to furnish me a copy of page two which I had thought was missing and asked him for help and information on how to file an appeal.

I received his answer and I felt very foolish to learn then I had page two and the appeal instructions in my possession.

This is why I did not file my appeal until now. I have enclosed a copy of Emil Moschella's response to my letter to sho you that until I received it I did not know where to file my appeal.

Please accept my appeal at this time even though it is past the thirty days allowed. No prejudice attaches for you to accept this at this time.

FILED
APR 6 1989
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

EXHIBIT C

89- 0941

1) Specifically, I would like to appeal your non release of the 154 pages mentioned on page one of Emil Moschella's letter dated March 20, 1987.

2) The denial of the laboratory examinations contained in files 95-246704 as mentioned on page three of Emil Moschella's March 20, 1987 letter is inappropriate because the agency (F.B.I.) itself submitted the materials for examination, not just any law enforcement agency. So, therefore should be released in its entirety.

3) I should be furnished with a copy of greeting cards that were submitted for examination concerning the same materials mentioned above in #2.

4) Page three of Emil Moschella's March 20, 1987 letter refers to one main file that consists of six volumes and that was withheld in its entirety pursuant to subsection (b) (7) (A).

I believe that this is inappropriate and should be reconsidered because I have (a) now been convicted of three federal offenses; (b) most investigative practices that are contained in those reports are most likely out-dated; and therefore should be released in part if not in their entirety.

5) I appeal all the information that was blocked out for various reasons.

The only information that should be blocked out is informants' names. No other information should be blocked out. Therefor, all the released pages should be re-reviewed and reissued free from any blockouts excepting those that would reveal informants' names.

6) Without prejudice to the claims I raise in #5 above, I wish to request that the information released to me contained in file # 183-3544 section #2 and on pages dated within thirty days prior to or after March 20, 1983. February 20, 1983 till April 20, 1983 and containing any references to a threat received by Judge Daly and any investigation of same.

    a) Be released in its entirety.

    b) Be released in a much more complete form without revealing any informatns' names.

    c) Because this information may be needed by me to raise and bolster a claim in Federal court concerning the non-disclosure of same at an earlier date and prior to trial.

7) Several photographs are mentioned in all files, 183-3544, section # 1 and 2 and 95 - 245701.

Please furnish me with a copy of all photos contained in F.B.I. files as mentioned in the above files.

Thank you for your cooperation.

*[signature]*
Gustave Vincent Curcio

-3-

U.S. Department of Justice

Office of Legal Policy

Office of Information and Privacy

Washington, D.C. 20530

AUG 31 1987

Mr. Gustave Vincent Curcio
Register #08293-014
Post Office Box 1000
Petersburg, VA  23804

Re:   Appeal No. 87-0790
      RLH:MAP:WLW

Dear Mr. Curcio:

You appealed from the action of the Federal Bureau of Investigation on your request for access to records pertaining to yourself.

As a result of discussions between Bureau personnel and members of my staff, a supplemental release of records either has been or will soon be made to you directly by FBI. In light of this fact and after careful consideration of your appeal, I have otherwise decided to affirm the action in this case. You are the subject of seven Bureau main files -- three of which are entitled "Racketeer Influenced and Corrupt Organizations", two of which are entitled "Illegal Gambling Business", one of which is entitled "Irregularities in Federal Penal Institutions" and one of which is entitled "Gambling Business". You are also alluded to briefly in one other file, the subject of which is another individual or an organization. The Bureau has processed only that portion of the latter file which pertains to you. Certain information was properly withheld from you pursuant to 5 U.S.C. 552(b)(2), (7)(A), (7)(C), (7)(D) and (7)(E). These provisions pertain to purely internal agency practices, and to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings, to constitute an unwarranted invasion of the personal privacy of third parties, in some instances by revealing an investigative interest in them on the part of the FBI, to disclose the identities of confidential sources and/or information furnished by such sources and would disclose certain techniques and procedures for law enforcement investigations or prosecutions. Names of Bureau agents and other employees were among the items excised on the basis of 5 U.S.C. 552(b)(7)(C). None of the information being withheld is appropriate for discretionary release.

FILED
APR 6 1989
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

EXHIBIT D

89- 0941

- 2 -

Judicial review of my action on this appeal is available to you in the United States District Court for the judicial district in which you reside, or in the District of Columbia, which is also where the records you seek are located.

Sincerely,

Richard L. Huff, Co-Director
Office of Information and Privacy